(January 25, 1996)

■ In the Matter of BERT LIEBMAN, Petitioner, v MARK V. SHAW et al., Respondents. [637 NYS2d 88] —Determination of respondent New York City Tax Appeals Tribunal, dated March 18, 1994, which, *sua sponte*, dismissed with prejudice petitioner's request for review of a determination rendered by an Administrative Law Judge sustaining certain tax assessments of respondent Department of Finance, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Diane Lebedeff, J.], entered September 13, 1994) is dismissed, without costs.

Petitioner's request for review was not timely served upon respondents by November 29, 1993, the certified envelope in which the request had been mailed bearing a clearly legible United States postmark of November 30, 1993 (20 RCNY 1-17 [a] [1]; [c] [2]). Given the highly judicial nature of proceedings before respondent Tax Appeals Tribunal (*see*, NY City Charter § 168 *et seq.*), we view the filing that is required for an en banc review by the Tribunal of a determination rendered by an Administrative Law Judge (NY City Charter § 169 [d]) as analogous to a notice of appeal, the timely filing of which is jurisdictional and cannot be waived (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5513:1, at 169). Accordingly, it does not avail petitioner that respondent Department of Finance did not object to the untimeliness of petitioner's request for review. Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRYANT, Appellant. [636 NYS2d 1010] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J.), rendered April 6, 1994, convicting defendant, upon his plea of guilty, of one count of attempted burglary in the third degree and sentencing him to an indeterminate term of from $1^1/2$ to 3 years, unanimously modified, on the law, to the extent of reducing the sentence to a definite 1 year term, and otherwise affirmed.

As conceded by the People, defendant was improperly sentenced as a second felony offender. We modify accordingly. Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.